FILED
CLERK, U.S. DISTRICT COURT
MAR - 8 2012
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 11-4731-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he: (1) failed to properly consider the opinion of her treating physician, Dr. Francis Morales; and (2) concluded that Plaintiff could perform work that required her to use a conveyor belt, which Plaintiff characterizes as dangerous machinery. For the reasons discussed below, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

## II. SUMMARY OF PROCEEDINGS

In July 2006, Plaintiff applied for SSI, alleging disability beginning January 1992. Her claim was denied. (See Administrative Record ("AR") 67.) She then requested and was granted a hearing before an ALJ. On July 25, 2008, the ALJ denied her application. (AR 67-73.)

On July 28, 2008, Plaintiff reapplied for SSI, alleging disability as of January 1992, due to seizures, epilepsy, schizophrenia, and fibroid tumors. (AR 116-22, 150.) The Agency denied the application. (AR 74-79.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 82-84.) Plaintiff appeared with counsel and testified at the hearing on March 29, 2010. (AR 28-63.) The ALJ subsequently issued a decision denying benefits. (AR 10-18.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3, 6.) She then commenced this action.

## III. ANALYSIS

A. <u>The ALJ's Findings Regarding The Treating Physician</u>

Psychiatrist Francisco Morales treated Plaintiff sporadically from February 2009 to February 2010. (AR 298-332.) In April 2009, he filled out a check-the-box form provided by Plaintiff's counsel entitled, "Work Capacity Evaluation (Mental)." (AR 268-69.) In it, he indicated that, in his opinion, Plaintiff was moderately limited in all areas of functioning. (AR 268-69.) "Moderate" is defined on the form as "more than slight but less than marked." (AR 268.) He opined that Plaintiff would, on average, miss work more than three days a month due to her impairments. (AR 269.) The ALJ rejected this opinion, finding "Dr. Morales' conclusion regarding absenteeism is deemed to be speculative." (AR 15.) Plaintiff contends that the ALJ

2

erred in doing so. (Joint Stip. at 9-10 and 12-13.) For the following reasons, the Court agrees.

As a treating physician, Dr. Morales was entitled to deference. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))). Thus, generally speaking, his opinion that Plaintiff would miss three or more days of work each month due to her impairment was entitled to controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). That being said, however, the ALJ was not required to simply accept Dr. Morales's opinion, particularly in light of the fact that examining psychiatrist David Bedrin, and others, concluded that Plaintiff would not have any attendance problems as a result of her condition. (AR 212-13, 231-33.) Instead, the ALJ was empowered to reject Dr. Morales's opinion for specific and legitimate reasons supported by substantial evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen* 881 F.2d 747, 751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600. The ALJ's explanation did not meet this standard, however. He simply "deemed" Dr. Morales's opinion "speculative." (AR 15.) Deeming an opinion speculative, without further explanation, is tantamount to a non-explanation for rejecting it. *See, e.g., Embrey*, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required,

even when the objective factors are listed seriatim."); *c.f. Alzayadie v. Astrue*, 2010 WL 3169592, at *15 (S.D. Cal. July 26, 2010) (finding ALJ's rejection of treating psychiatrist's opinion on the ground that it was based on speculation was "not a sufficiently legitimate reason to disregard" all of the psychiatrist's findings). The problem with such a cryptic finding is that it does not allow the parties or the Court to know the basis for the ALJ's ruling and analyze whether it is supported by substantial evidence.

The Agency argues that what the ALJ meant when he concluded that Dr. Morales's opinion was speculative was that it was "unsupported and inconsistent with the weight of medical evidence." (Joint Stip. at 11-12.) That argument is rejected. First, that is not what the ALJ said. And the Court is constrained to affirm the ALJ only for the reasons he sets forth in his decision. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Second, in the paragraph following the ALJ's rejection of Dr. Morales's opinion, he noted that "the updated record suggests improvement in [Plaintiff's] condition with adequate treatment and medication compliance." (AR 15.) This suggests that the ALJ rejected Dr. Morales's opinion because Plaintiff's condition had subsequently improved. Once again, however, the ALJ did not say so directly so no one knows why he reached the conclusion he did. For the above reasons, the case is remanded for further consideration of this issue.

B. <u>The ALJ's Finding That Plaintiff Could Perform Work Involving Conveyor Belts</u>

The ALJ determined that Plaintiff could not perform work that required her to be exposed to "especially hazardous settings, such as work at unprotected heights or near dangerous machinery." (AR 14.)

In spite of this limitation, he concluded that she could perform the jobs of hand packager, night cleaner, and laundry laborer. (AR 17.) In Plaintiff's view, all three jobs are incompatible with a limitation on work involving dangerous machinery because all three would require her to work around a conveyor belt, which Plaintiff characterizes as dangerous machinery. (Joint Stip. at 4-7.) In support of her argument, she cites an Occupational Safety and Health Administration ("OSHA") publication, which discusses the hazards of conveyor belts. For the following reason, the Court concludes that the ALJ did not err here.

The primary thrust of Plaintiff's argument is that the vocational expert's testimony that Plaintiff could perform these jobs was inconsistent with the Dictionary of Occupational Titles ("DOT") and the vocational expert failed to justify the inconsistency. This argument is rejected on two grounds. First, the OSHA publication Plaintiff cites in support of her argument is not part of the DOT and, therefore, the vocational expert was not obligated to explain any inconsistency with it, assuming one existed. Second, Plaintiff's counsel never mentioned the OSHA publication at the administrative hearing and did not complain when the vocational expert testified that Plaintiff could perform these jobs despite her limitations. (AR 61-62.) Thus, the issue was never addressed and the vocational expert was not given an opportunity to explain any questions raised by any alleged conflict between her testimony and the OSHA publication. In the future, if counsel believes that there is a problem with the vocational expert's testimony at the administrative hearing, he should say so at the administrative hearing so that the issue can be resolved

there.  He should not assume that he can simply sit on the issue and raise it on appeal should the ALJ decide against his client.

## IV.  CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this opinion.[1]

IT IS SO ORDERED.

DATED: March 8, 2012.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\JACKSON, 4731\memorandum opinion and order.wpd

---

[1] The Court has considered Plaintiff's request that the case be remanded for an award of benefits.  That request is denied.  It is not clear from this record that Plaintiff is entitled to benefits and further proceedings are necessary to resolve that issue.